MOREHEAD v. STRIKER et al. (Circuit Court, S. D. New York. August 5, 1903.) John D. Townsend, James B. Ludlow, and Max J. Koehler, for the motion. Louis Marshall and John F. Doyle, opposed.

LACOMBE, Circuit Judge. Besides the papers specifically referred to, there may be filed with this decision the various affidavits submitted by the ex-receiver, Barse, and also the affidavit of Haskell, supplementary to his testimony. Counsel for respective parties will see to it that all papers which either party conceives bear upon the question be recited in the order. There is great conflict as to the facts between Barse and Haskell; but, as was intimated in the memorandum filed June 3, 1902, the court does not deem it necessary to decide all such questions. It clearly appears that Roser and Haskell entered into the contracts proceeded upon, and that the stock sold by order of the court passed into the possession of Haskell. That he entered into some improper agreement with Barse (if he did so, Barse denies

it) that he should disregard the terms of his contract, which was really with the court, and become the instrument whereby Barse, receiver, should turn over the stock without payment therefor to Barse personally, selling the same to outsiders for money not turned in to the court's officer, seems immaterial. (1) The application of Roser and Haskell to be relieved from their contracts is denied. (2) The exceptions to master's report are overruled. (3) The master's report is confirmed. (4) The order filed March 12, 1902, is vacated and set aside, and a new order in same terms (except as to leave to move to be relieved) is made as of this date, so as to avoid any question as to time for appeal having expired. (5) Twenty days' time is given (after entry of order on this decision) to comply with the provisions of the new order as to payment. (6) And in the event of default execution will issue against the estate of Roser, and against any property of Haskell, and attachment for contempt against Haskell. (7) Should an appeal from this order be taken within said 20 days, execution of said order will be suspended until decision of Circuit Court of Appeals.